IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CFM<br><br>                    Plaintiff,<br>    vs.<br>MITTS TELECASTING COMPANY<br><br>                    Defendants.<br>(And Related Actions)<br>_____/ | CASE NO. CV-F-04-6111 DLB<br><br><u>DECISION ON PAYMENT GUARANTEE</u><br>AND OPTIONS FOR ADDITIONAL<br>COMPENSATIONS ISSUES<br>(Hearing date: December 21, 2006) |

On December 21, 2006, the Court entertained oral argument, on the record, in Department Eight of the Eastern District Courthouse, Fresno Division. Pursuant to the stipulation of counsel and parties, the following ORDER is binding.

### APPEARANCES

Appearing on behalf of Papas Telecasting of the Midlands and Pappas Telecasting of Central Nebraska were counsel Matthew Dunne and John "Griff" Johnson.

Appearing on behalf of Thomas F. Mitts, M.D., Mitts Telecasting Company, and Colins Broadcasting Corporation were counsel Leslie H. Wiesenfelder and Michael Basile.

### ISSUES FOR COURT DETERMINATION

Based on the failure of the payment guarantee due to impossibility/illegality (a stipulated assumption for the purposes of the December 21, 2006 hearing only), and in light of the many agreements made by the parties after the December 16, 2005 settlement conference, is any immediate

adjustment due to Dr. Mitts, MTC and Colins Broadcasting Corporation?

If yes, in what form, and in what amount?

In a jointly submitted letter date December 19, 2006, counsel agreed that if additional compensation were due Dr. Mitts, MTC and CBC, that the Court had one or more of six designated options available to it.

## MATTERS REVIEWED AND CONSIDERED

In addition to the more than two hours of oral argument and on-the-record discussion, the following documents were reviewed and considered:

1. The 78 page transcript of settlement conference arguments dated December 16, 2005.
2. A 20-page letter, undated, from Attorney Matthew Dunne, along with Attachments A-K.
3. A 20-page letter, dated November 17, 2006 from Attorney Leslie H. Wiesenfelder, along with Attachments A-C.
4. Multiple clarification e-mails from and to all counsel, and from and to the Court.
5. A 3-page joint letter dated December 19, 2006 from Counsel Dunne and Wiesenfelder.

## DECISION

The Court finds that there has been a substantial and unanticipated change of position by both sides to this litigation that has caused, and will continue to cause, substantial delay in brining this litigation to a full and final closure.  The causative change (the agreement on this change is limited to the December 21, 2006 hearing and the instant order) is that there is now a total failure of the payment guarantee.

It was the clear expectation of all parties that the initial payments of $609,000 PLUS 1/3 of the purchase price of KXVO of $625,000 PLUS 1/3 of the purchase price of KSNB of $1,066,000, for a total of $1,172,666 would be paid in a short period after the December 16, 2006 settlement conference. However, it was further expected that those monies would go toward the payment of personally guaranteed (by Dr. Mitts) loans in the approximate amount of $1,300,000.  (In other words, the monies would not have been allowed to be used at the discretion of Dr. Mitts).  It was further understood that all of the interest on the outstanding loans would be paid by the Pappas side of the litigation (Pappas continues to pay the interest now).  The delay causes Pappas to continue to pay the interest on the sizable

1  loans, while the personal risk remains with Dr. Mitts, naturally affecting his ability to borrow monies
2  on other potential business matters wholly unrelated to the instant litigation. This issue clearly affects
3  Dr. Mitts a great deal more than the delay affects the Pappas side of the litigation. In addition, both
4  Pappas and Mitts are equally harmed in that neither wishes to continue with the other in any business
5  dealings, yet are both forced to nonetheless. In addition, Mitts continues to bear the burden of managing
6  the stations, however he continued to be paid the sums of $2500 per month per station for that burden.
7  Finally, Dr. Mitts will not have the ultimate amount of approximately one million dollars for an
8  indeterminite duration of time, monies that are at his sole discretion available to him personally.

9  The inequities caused by the delay because of the evaporation of the payment guarantees have
10 been shared, but not equally. The balance weighs heavier against Dr. Mitts, and an adjustment is
11 therefore appropriate.

12 The first two options listed at Page 2 of the December 19, 2006 joint letter, namely a suggested
13 increase from $2500 to $10,000 per month on the KXVO station, and a suggested increase from $2500
14 to $8000 per month on the KSNB station constitute an invitation to the Court to speculate in assessing
15 the potential added monthly worth. The invitation is declined.

16 The third option, namely to re-characterize the $609,000 payment from ordinary income to
17 capital gain is conditionally granted. This Court is not making a ruling on the legality or effect of the
18 tax consequences to any party. Dr. Mitts must accept the following condition in writing on or before
19 January 10, 2007 for the Court grant on this third option to take affect: that Dr. Mitts will agree to
20 indemnify the Pappas side of this litigation from any civil or criminal risks for any tax claims made
21 against and party to this litigation as a result of the reclassification which Mitts requests and which this
22 Court is granting. In sum, the reclassification is conditioned on its not costing the Pappas side of the
23 litigation anything more than the $609,000 payment.

24 ///
25 ///
26 ///
27 ///
28 ///

1     Concerning the fourth, fifth and sixth options, the Court grants the fourth and sixth options. The
2 Pappas side of the litigation will make three separate 12.5% advances of the respective purchase prices
3 fro KXVO and KSNB at intervals of 12, 18 and 24 months from the date the Settlement Agreement is
4 executed. The advances will not cease upon the closing of either transaction.
5   IT IS SO ORDERED.

6 **Dated:   December 22, 2006**                    /s/ Lawrence J. O'Neill
   b9ed48                                              UNITED STATES MAGISTRATE JUDGE