IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CFM COMMUNICATIONS, LLC, | CASE NO. CV F 04-6111 DLB |
| Plaintiff, | **RULING ON POST-SETTLEMENT MATTERS** |
| vs. | |
| MITTS TELECASTING COMPANY, et al., | |
| Defendants. | |

    This Court has received and reviewed the Request for Ruling and Order sought by most, but not all of the parties. Thereafter, this Court received and reviewed the "Response of Pappas Telecasting of Central Nebraska To Request for Ruling," along with the objections and attachments, immediately followed by the "Notice of Erratum." The Court has also received and reviewed short correspondence from CFM counsel as well as co-bankruptcy counsel to E. Rogers Williams, the Court appointed Chapter 11 Trustee for the bankruptcy estates of Pappas Telecasting Inc. pending in the U.S. Bankruptcy Court for the District of Delaware. Finally, the Court has received and reviewed the Reply from Mitts Telecasting, Dr. Mitts and Colins Broadcasting Corporation, including exhibits and proposed orders.

    As in all federal courts, this Court must first review its source of power to act, as well as the limitations of that power. This Court returns to the transcript of the December 16, 2005 hearing wherein the settlement terms, including the authority agreed upon by all parties, was stated. A reading of the entirety of the transcript, including pages 13, 14, 22, 47 and 65, makes clear that the parties were not

intending on giving the Court unlimited powers to write or to rewrite (and then enforce) a novation. Rather, the authority of the Court was/is to make findings and issue orders, if necessary, concerning the settlement. The first and obvious goal by all was/is to save and enforce the settlement of the case, but only if and when legally possible and feasible.

Based on the entirety of that which is before the Bench, this Court rules, finds and orders as follows:

1. The Unified Settlement Agreement ("USA") reached on-the-record on December 16, 2005, was intended to be the only all-encompassing agreement, replacing, consolidating and superceding all others.

   A. The Court finds that it has ample, overwhelming and competent evidence before it that there was an anticipatory breach of the USA. It occurred by PTM in February 2009 and by PTCN in March 2009. There has been an expressed acknowledgment that the USA could not, and would not be completed, followed by both actions and inactions that confirmed the anticipatory breach. The result, as a matter of law, is a total breach.

   B. The attempt by PTCN to "cherry pick" provisions (selecting some aspects of the USA, while simultaneously repudiating others) and, at the same time to claim compliance and to deny any anticipatory breach is neither sound nor in compliance with its obligations under the USA.

2. There was a full, final and binding settlement of both the *CFM Communications, LLC v. Mitts Telecasting* case (CV F 04-6111 DLB) and the *Pappas Telecasting of Central Nebraska, L.P. v. Colins Broadcasting Corporation and Thomas F. Mitts, M.D.* case (1532-N, Chancery Court of the State of Delaware, New Castle County) that was entered into on the record on December 16, 2005 and referred to as the USA:

   A. All parties agree that the USA had the following meaning: CFM, Mitts Telecasting, Dr. Mitts, Colins Broadcasting, PTM and PTCN agreed to settle all of their disputes in the two cases for $2.3 million payable by PTM and PTCN to Dr. Mitts, Mitts Telecasting and Colins Broadcasting; and Mitts Telecasting agreed to sell its assets (which principally consist of the FCC license for the Omaha Station) and Dr. Mitts agreed to sell the stock of Colins Broadcasting, the licensee of KSNB, to a person

1  or entity designated, respectively, by PTM and PTCN; and

2      B.  The USA was not a divisible contract, as clearly evidenced by the discussion on the
3  record on December 15, 2005.

4      3. Pursuant to the January 27, 2009 Bankruptcy Order that granted relief from the automatic stay
5  (11 U.S.C. § 362), the parties now appear before the undersigned for the purpose of resolving disputes
6  in connection with the USA.  There is nobody, and there is nothing that legally or factually stands in the
7  way of the completion of the KXVO transaction.  This Court approves the KXVO transaction and
8  settlement, and finds that the administration of the bankruptcy estate may proceed as requested.  All
9  parties are ORDERED to execute the documents forthwith to accomplish this goal.

10      4. There have been two major events that were wholly unanticipated by the parties and the Court
11  at the time of entering into USA.   They were the bankruptcy filing of Pappas Telecasting Incorporated
12  and other affiliated companies on May 10, 2008, followed by the Pappas' personal Chapter 11 filing on
13  May 12, 2008.

14      5. There has been no waiver to the claim of anticipatory breach by the act of entering into the
15  July 2009 Settlement Agreement.  While it may have been risky to do so, it did not constitute a waiver.

16      6. The Court finds that the USA is now null and void.  Even though requested for it to do so,
17  the Court need not, and does not declare or outline the legal ramifications and consequences of this
18  finding.  The arguments concerning possible "windfalls" do not play a part in this Court's findings,
19  determinations and orders, in that the result of an anticipatory breach does not change whether or not
20  the breach took place.  There are both calculated and uncalculated results and remedies for one's
21  behavior.

22      7. The findings, determinations and orders herein terminate the undersigned's involvement
23  pursuant to the authority conferred by all parties in 2005.

24      8. This case is returned to the judicial officer who handles the matter pursuant to the consent of
25  all parties, The Honorable Magistrate Judge, Dennis L. Beck, for procedures he deems appropriate to
26  conclude this case.

27      9. The clerk is directed to serve this ruling on the following email addresses:
28      LWiesenfelder@dowlohnes.com, RCasher@kasowitz.com,

BRutcofsky@Kasowitz.com, alexaretakis@mac.com, tmitts@forticelle.com, mmaddox@forticelle.com, mwhitney@mbswc.com, vuocolod@gtlaw.com, cstanziale@mccarter.com, jtesta@mccarter.com, pappastrustee@gmail.com, gary.cripe@cripeandgraham.com, SAlfieris@PappasTV.com, MBasile@dowlohnes.com, rbender@dowlohnes.com.

IT IS SO ORDERED.

**Dated:   September 15, 2009**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE